UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., SUN PHARMACEUTICAL INDUSTRIES, INC., and SUN PHARMACEUTICAL INDUSTRIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BIOFRONTERA INC., BIOFRONTERA BIOSCIENCE GMBH, BIOFRONTERA PHARMA GMBH, and BIOFRONTERA AG, <br><br> Defendants. | Civ. No. 23-20601 (RK)(JBD) <br><br> MEMORANDUM ORDER ████████████ |

Plaintiffs Sun Pharmaceutical Industries, Inc., Sun Pharmaceutical Industries, and DUSA Pharmaceuticals, Inc. ("Sun") move for leave to file a second amended complaint.  [Dkt. 285.]  Defendants Biofrontera, Inc., Biofrontera AG, Biofrontera Bioscience GmbH, and Biofrontera Pharma GmbH (collectively, "Biofrontera") oppose the motion.  [Dkt. 290.]  The Court has carefully considered the parties' positions and, for the reasons set forth below, GRANTS the motion to amend.

## I.    BACKGROUND

The Court assumes familiarity with the matter and recites only the facts relevant to the present motion.  The parties are competing producers of devices and drugs used in photodynamic therapy for the treatment of certain skin diseases.  This case arises from the alleged breach of a settlement agreement entered on

November 29, 2021, which resolved earlier litigation between the parties in the United States District Court for the District of Massachusetts.  Relevant here, the agreement ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

[Dkt. 52] ¶ 55.

In this case, Sun alleges that Biofrontera breached ████████████████

████████████████████████████████████████████████████████████████

First, in the operative amended complaint filed on November 13, 2023 [Dkt. 52], Sun alleged that Biofrontera made impermissible promotional statements that suggested or implied that Ameluz may be used to treat cancerous or precancerous cells beyond actinic keratoses.  *Id.* ¶ 59.  Second, Sun alleged that Biofrontera made impermissible promotional statements that suggested or implied that Ameluz may be used to treat subclinical actinic keratosis.  *Id.*  Those promotional claims, Sun alleged, constituted off-label marketing of Biofrontera's products, in violation of federal and state law and ████████████████████

The Court held an initial scheduling conference on May 1, 2024 with Sun and defendant Biofrontera Inc., the only Biofrontera defendant for which service had been perfected at that time.  The Court issued a scheduling order on May 3, 2024, directing that Sun and Biofrontera, Inc. begin discovery.  [Dkt. 88.]  From its inception, fact discovery has been hotly disputed, requiring the Court's resolution of numerous disputes.  Meanwhile, service upon the German Biofrontera defendants was completed in March 2025, *see* [Dkt. 177], and those defendants appeared and

2

began discovery in June 2025.  Given the discovery disputes that have arisen, and the delays precipitated by service of process on the German Biofrontera defendants, the Court has revised and extended the fact discovery schedule several times.  Despite those revisions, the Court never changed the original June 7, 2024 deadline to file a motion to amend the pleadings set forth in the initial scheduling order.  Under the present schedule (entered on November 14, 2025), fact discovery closes on March 5, 2026 and expert discovery closes in July 2026.  [Dkt. 295.]  A date for trial has not yet been set.[1]

In January 2025, the parties first presented to the Court a significant dispute regarding the scope of Sun's claims in this case and, therefore, the scope of discovery.  [Dkt. 151.]  Sun took the position that the two examples of off-label promotion described above were merely that, and did not limit its ability to recover for other types of unlawful off-label promotion in which it alleged Biofrontera had engaged.  Biofrontera disagreed and argued that ███████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████ the scope of the case is limited to those two categories.

Concretely, this dispute arose because Sun asserts that in addition to the two categories of off-label promotion identified above, Biofrontera also engaged in

---

[1]      Sun recently moved to disqualify the law firm representing Biofrontera in this case.  [Dkt. 317.]  That motion likely will require further amendment to the current schedule.

prohibited off-label promotion by providing samples of Ameluz to doctors who did not have the specific Biofrontera lamps for which Ameluz is approved.  (Ameluz is approved for use only in conjunction with those lamps.)  In this way, Sun alleges, Biofrontera engaged in additional off-label promotion in violation of federal and state law and ████████████████████████  The Court will hereafter refer to this theory of unlawful promotional activity as the "sampling theory," the "sampling allegations," or the "sampling claims."  Biofrontera denies the sampling allegations in general but, more fundamentally, asserts that they are not properly a part of this case.

On June 10, 2025, after receiving multiple submissions and hearing multiple rounds of argument from counsel on the dispute, the Court permitted Sun to obtain narrowly targeted discovery from Biofrontera on the sampling allegations. *See* [Dkt. 177] (March 12, 2025 order formalizing February 25, 2025 oral rulings directing Sun, as relevant here, to substantially narrow its discovery requests related to sampling); [Dkt. 252] (August 15, 2025 order formalizing June 10, 2025 oral rulings permitting sampling discovery).  The Court did so without answering the questions whether Sun's sampling theory falls outside the scope of the case or the amended complaint, and whether the theory is otherwise cognizable. The Court's August 15 order expressly noted that all of Biofrontera's objections to Sun's sampling theory and allegations are preserved.  [Dkt. 252.]  Since June 2025, the parties have engaged in discovery on the sampling allegations, and disputes

4

have arisen on that subject.  [Dkt. 307.][2]  According to Sun, the sampling evidence disclosed to date reflects a substantial evidentiary basis from which to conclude that Biofrontera has indeed engaged in prohibited off-label promotional activity through its sampling practices.  Biofrontera disagrees.

Given all this, Sun now moves to amend the complaint to add the sampling allegations, making explicit what it believes is already part of the case.  Biofrontera opposes the motion.

## II.     LEGAL STANDARDS

"'The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure.'"  *Park v. Freehold Healthcare, LLC.*, Civ. No. 18-11306 (JBC), 2022 WL 19558164, at *1 (D.N.J. Feb. 15, 2022) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, Civ. No. 10-1283 (NBF), 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)).  Rule 15 states, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This liberal standard reflects a preference "that claims will be decided on the merits rather than on technicalities."  *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 419 (D.N.J. 2005) (citations omitted).  Accordingly, the Court may deny a motion to amend only where there is (i) undue delay; (ii) bad faith or dilatory motive;

---

[2]     The Court does not resolve here the pending discovery dispute related to sampling.  The Court will do so in due course.

(iii) undue prejudice; (iv) repeated failures to cure deficiencies; or (v) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citation omitted).

"Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." *Karlo*, 2011 WL 5170445, at *2 (citing Fed. R. Civ. P. 16(b)(4)). Where a party seeks to amend "after the deadline set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15." *Id.* at *2. A determination of "good cause" under Rule 16 depends on the diligence of the moving party. *GlobespanVirata, Inc. v. Texas Instruments Inc.*, Civ. No. 03-2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (citations omitted). Specifically, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met. *Id.* The mere absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16. *Id.*

Whether Rule 16's good cause standard applies and has been satisfied in any given case, and the ultimate determination whether to permit amendment under Rule 15, are decisions left to the Court's sound discretion. *Fraser v. Nationwise Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

6

## III.    DISCUSSION

### A.    Rule 16

Under the circumstances, the Court will not require Sun to satisfy Rule 16's more stringent good-cause standard because the Court agrees with the reasoning in *In re: L'Oreal Wrinkle Cream Marketing Pracs. Litig.*, Civ. No. 12-3571 (MF), 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015), and *Batta v. HCL Am., Inc.*, Civ No. 17-5988 (JBC), 2019 WL 6888407, at *2 (D.N.J. Dec. 17, 2019), and applies that reasoning here.  Specifically, the Court has extended the deadline to complete fact discovery multiple times in light of the service issues, the delayed entry of the German Biofrontera defendants into the case, and the numerous discovery disputes that have arisen throughout fact discovery.  Indeed, the Court did not find the German Biofrontera defendants served until about eight months after the amendment deadline, and the German Biofrontera defendants did not begin discovery until more than a year after the deadline.  As in *L'Oreal* and *Batta*, "[i]t would be illogical to hold [Sun] to an amendment deadline date in a scheduling order that long ago went stale." *L'Oreal*, 2015 WL 5770202 at *3.  Accordingly, the Court turns to Rule 15.

### B.    Rule 15

Biofrontera argues that this Court should deny Sun's motion because the proposed amendment is futile and the product of undue delay that will cause undue prejudice.  The Court is not persuaded.  In light of Rule 15's liberal policy of

7

permitting amendment and its preference for resolution of issues on the merits, the Court will grant Sun's motion to amend.

### 1.    Futility

Biofrontera argues that Sun's proposed amendments to add the sampling allegations are futile for two reasons.  First, it argues that Sun's sampling allegations ███████████████████████████████████████████████ ███████████.[3]  Second, as to Sun's statutory claim under Massachusetts law, Biofrontera argues that the proposed amendments do not sufficiently plead that unlawful conduct occurred in Massachusetts.

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, Civ. No. 22-1262 (MAH), 2023 WL 7403640, at *2 (D.N.J. Nov. 9, 2023) (citation omitted). To determine whether an amendment would be "properly dismissed," the Court employs the same standard applied to Rule 12(b)(6) motions to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Under this standard, the question before the Court is not whether the movant will ultimately prevail on the claim but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[3] ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ [Dkt. 290] at 9-19.

544, 570 (2007); *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.").

Importantly, however, while Rule 15 futility tracks Rule 12(b)(6)'s plausibility standard, it does not contemplate full-blown motion practice on the merits of the claims: "If a proposed amendment is not clearly futile, then denial of leave to amend is improper.  This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense." *Harrison Beverage Co.*, 133 F.R.D. at 468-69 (quoting 6 Wright & Miller's Federal Practice & Procedure § 1487 (2d ed. 1990)).  The proposed amended pleading, rather, must "appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Id.*  Effectively, this means that the proposed amendment must not be "frivolous or advance[] a claim or defense that is legally insufficient on its face . . . ." *Id.*

The Court will not deny Sun's motion to amend as futile.  That is not to reject Biofrontera's legal arguments on the merits, and the undersigned states no view on the matter.  As to the sufficiency of the allegations underlying the Massachusetts statutory claims, the Court concludes only that the proposed second amended complaint is not clearly futile and appears sufficiently well grounded in fact and law such that it is not a frivolous pursuit.

As to sampling, Sun consistently has maintained that its sampling allegations are and have been part of the case, whether specified in its pleading or

not. The proposed amendment, in Sun's view, is simply to make that claim explicit and leave no doubt that the claim is properly asserted in this case. In permitting discovery on sampling issues to proceed earlier this year, the Court noted that Biofrontera's objections to Sun's sampling theory would be preserved. [Dkt. 252.] In permitting Sun now to assert the sampling theory expressly in its pleading, the Court takes the same approach: Biofrontera's legal challenges to Sun's sampling claims remain preserved. Deferring resolution of those challenges in this fashion is in the interest of judicial efficiency. The Court recently administratively terminated the German Biofrontera defendants' motion to dismiss the amended complaint pending resolution of this motion. [Dkt. 311.] In their motion to dismiss, the German Biofrontera defendants raised, among other arguments, the same ███████████████████████████████ that Biofrontera raises here, albeit in a slightly different context. *See* [Dkt. 228] at 15-19 (arguing that dismissal is warranted because Sun did not specifically name the German Biofrontera defendants during the ████████████████████████). Addressing Biofrontera's ██████████████████████████████████████████ in two separate motions makes little sense.

Given all this, the resolution of Biofrontera's arguments as to Sun's sampling allegations and its Massachusetts statutory claim is best deferred for a future

motion on the merits. Biofrontera's positions on these issues remain preserved until that time.[4]

### 2.    Undue Delay/Prejudice

The Court also is not convinced that Sun's motion to amend is the product of undue delay or that amendment will cause Biofrontera undue prejudice.

The parties spend much time faulting each other for the putative delay. On one hand, Biofrontera argues that Sun sat on its sampling allegations until the late stages of fact discovery, despite having known of its theory for years. On the other hand, Sun argues that Biofrontera caused the delay by refusing for more than a year to produce discovery related to the sampling allegations, and that it could not realistically have brought the motion until it obtained sufficient information to support the claims. This debate is largely immaterial to the Court's analysis, however, because the Court does not view Sun's motion as unduly delayed in any event. As described above, the parties first brought the sampling dispute to the Court's attention in January 2025 as a discovery dispute originating from Sun's initial discovery requests, propounded at the onset of discovery in 2024. The Court

---

[4]    In light of the procedural posture of the case and the Court's preliminary views of the German Biofrontera defendants' motion to dismiss expressed during the December 1, 2025 telephone conference, *see generally* [Dkt. 311], the undersigned encourages Biofrontera to consider deferring its preserved challenges until summary judgment. If, however, Biofrontera seeks to renew the Rule 12 challenges that the Court administratively terminated or to pursue new ones in response to the forthcoming second amended complaint, the Court reminds Biofrontera to follow the District Judge's individual preferences regarding pre-motion conferences. Regardless, in light of the pending motion to disqualify Biofrontera's counsel, *see supra* note 1, Biofrontera's deadline to respond to the second amended complaint is stayed until further notice.

spent the better part of the first half of 2025 addressing that discovery dispute, ultimately directing in June 2025 (and formalizing in an August 2025 written order) that targeted discovery concerning Biofrontera's sampling practices would be permitted.  Since that time, the parties have engaged in that discovery, fully apprised that Sun believed the sampling theory was part of the case even without amendment.  Disputes have arisen regarding that discovery, and the Court will address them in due course.  Given the context and chronology of the sampling dispute and in view of the case's overall lifespan, the Court does not think that Sun brought its motion too late.

As to prejudice, the Court also concludes that permitting the amendment will not cause Biofrontera any significant evidentiary prejudice.  As just noted, the parties have, at the Court's direction, engaged in document and deposition discovery on the sampling allegations.  That discovery is ongoing, the parties have not yet reached expert discovery, and a trial date has not been set.  Moreover, the operative pretrial schedule will likely be amended for reasons unrelated to the present motion, *see supra* note 1, and so the parties will have time enough to address any additional discovery needed to support their claims and defenses regarding the sampling allegations.  To be clear, the Court need not and does not determine here whether additional discovery on the sampling allegations is necessary or

appropriate; the point is that any additional discovery that is needed will not significantly impede the orderly completion of discovery or resolution of the case.[5]

All things considered, the Court concludes that Sun's proposed amendment is not the product of undue delay and will not cause undue prejudice to Biofrontera.

## IV.    CONCLUSION

Sun's motion for leave to file a second amended complaint [Dkt. 285] is GRANTED.  Sun shall file the second amended complaint on or before January 27, 2026.  Biofrontera's deadline to answer, move, or otherwise respond to the second amended complaint is STAYED pending further order of the Court.  The parties are directed to meet and confer regarding appropriate redactions to this Order and, no later than February 4, 2026, email chambers a proposed redacted version of this Order, consistent with applicable law, for public docketing.

**IT IS SO ORDERED** this 22nd day of January, 2026.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court also finds Biofrontera's stated fear of evidentiary prejudice in the form of lost documents and faded memories to be too speculative to warrant denial of the motion.